**O**
**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 483132

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRUKH SHEIKH,<br><br>            Plaintiff,<br>    v.<br><br>JP MORGAN CHASE BANK; SAMIRA AMIRZADEGAN; and DOES 1 through 100,<br><br>            Defendants. | Case No. 2:12-cv-05025-ODW(PLAx)<br><br>**ORDER GRANTING MOTION FOR REMAND [15]** |

Defendants JP Morgan Chase Bank and Samira Amirzadegan removed this action to this Court following Plaintiff Ferrukh Sheikh's initial filing in the Los Angeles County Superior Court. (ECF No. 1.) Pending before the Court is Sheikh's Motion to Remand. (ECF No. 13.)[1]

## I. BACKGROUND

This case involves an employment dispute between Sheikh, a former assistant branch manager at JP Morgan Chase Bank ("JPMC"), and Defendants JPMC and Amirzadegan, a personal banker with whom Sheikh worked. Sheikh, a 31-year-old male, was terminated on September 28, 2011. (FAC ¶ 16.)

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Sheikh began working for JPMC in June 2009. (FAC ¶ 9.) In 2011, Sheikh was promoted to Assistant Branch Manager of Sales at JPMC's Woodland Hills branch. (FAC ¶ 9.) In 2011, Sheikh suspected and reported Amirzadegan of having a relationship with a fellow employee, in violation of company policy. (FAC ¶ 11.)

In August 2011, Amirzadegan called Human Resources to complain about Sheikh. (FAC ¶ 12.) In September of that year, Sheikh was fired Sheikh on the grounds that he violated company policy by committing fraud and incentive manipulation. (FAC ¶ 16.)

Sheikh's FAC alleges five causes of action—three causes of action under the California's Fair Employment and Housing Act ("FEHA") for (1) sexual harassment, (2) retaliation, and (3) wrongful termination; and also (4) wrongful termination in violation of public policy, and (5) defamation.

## II.   LEGAL STANDARD

If an action before a state court could originally have been brought before a federal court, the defendants in the action may remove to a federal court in the same district. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). A party may bring a motion for remand whenever it appears a matter is not properly before a federal court. 28 U.S.C. § 1447(c).

Under § 1441(b), an action may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b). When a matter is removed on diversity grounds, complete diversity "must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

Where fraudulent joinder is alleged in a removal action, the court may look beyond the pleadings to determine whether joinder is proper. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). More importantly:

/ / /

> A merely defective statement of the plaintiff's action does not warrant removal . . . . It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent.

*Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944). And if it is doubtful whether the district court has jurisdiction, the doubt is ordinarily resolved in favor of remanding the action back to state court. *Id.*

## III. DISCUSSION

In order to establish fraudulent joinder—and to survive this motion to remand—Defendants must show that Sheikh fails to state any claim against Amirzadegan, the alleged sham defendant. For instance, Defendants must show that Sheikh cannot sustain a defamation cause of action against Amirzadegan.

Defamation is "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 826 (9th Cir. 2008).

In his Complaint, Sheikh alleges that Amirzadegan complained to JPMC that Sheikh forged documents and created fake customer accounts. (FAC ¶ 14.) Sheikh denies these charges and suggests that the true reason for these allegations, which resulted in his termination, was because he reported Amirzadegan's relationship with another JPMC co-worker. (FAC ¶ 17.)

Based on these allegations, the Court finds that there exists some probability that Sheikh can prove defamation. While the Court declines to comment on the merits of the case, this probability is sufficient to find that Amirzadegan is not a sham defendant. Thus, complete diversity among Defendants is ruined. Further, if there is any doubt concerning subject-matter jurisdiction, the preference is to remand to state court. *Albi*, 140 F.2d at 312.

/ / /

## IV. CONCLUSION

For the reasons discussed above, Sheikh's Motion for Remand is **GRANTED**. The Court **REMANDS** the case to Los Angeles County Superior Court for lack of subject matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 16, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**